# OBERNE, HOSICK & CO.
## v.
## WILLIAM E. S. BUNN.

*Negotiable Instruments—Draft—Consideration—Gaming—Stakeholder
—Practice—Petition for Rehearing—Certificate of Importance.*

1. In an action to recover from the defendant the amount of a draft made
payable to him and drawn upon the plaintiffs by their agent, the fact being
that the same covered a sum lost by such agent in gaming, this court holds
that defendant was simply a stakeholder for said agent, and that as he paid
out the amount thereof as directed by such agent, and had no notice of the
plaintiffs' rights, the judgment in his favor can not be interfered with.

2. A defeated party in this court has his election either to petition for
a rehearing, or in proper case to pray for a certificate of importance, but
can not do both unless the petition for rehearing can be disposed of within
the time limited by statute within which to pray for a certificate of im-
portance.

[Opinion filed May 21, 1891.]

IN ERROR to the Circuit Court of Peoria County; the Hon.
T. M. SHAW, Judge, presiding.

Messrs. McCULLOCH & McCULLOCH, for plaintiffs in error.

Defendant knew that the purpose for which the draft was
drawn was an unlawful purpose; he knew, when he obtained
the money on it, that it was for an unlawful purpose; he
knew, when he agreed to act as the agent of Weider in paying
out the money so obtained, that he was paying it out for an
unlawful purpose, and he knew that, no matter whose money
it was, it was being paid out without any consideration, and
that, even if it had been Weider's money, it could have been
recovered back from the winners. He therefore took all
risks in the transaction, and if he has received the moneys of
the plaintiffs, and appropriated them to an unlawful purpose,
he must make them good.

That all such transactions are void, and that there can be no
such thing as an innocent party thereto, is abundantly shown

by the authorities. Chapin v. Dake, 57 Ill. 295; Town of Eagle v. Kohn, 84 Ill. 292; Tenny v. Foote, 4 Ill. App. 594; Doxy v. Miller, 2 Ill. App. 30; Bank v. Portner, 21 N. E. R. 634.

The draft itself being void, the indorsement was void, the payment was void, and no persons could acquire any rights whatever under it. Plaintiffs have therefore shown a complete right of action. Bank v. Spaids, 8 Ill. App. 493.

In the case of McAllister v. Oberne et al., at the present term of this court, the money for which plaintiffs recovered judgment was drawn upon checks drawn by Weider upon the funds of plaintiffs in bank at Peoria, and in their name. In that case the court (the same judge presiding) held the law to be as we here contend for. The only substantial difference in the cases is, that in the one case the court held the party receiving the checks to be chargeable with notice that the money was that of the plaintiffs, but in the other, for want of such notice, the party receiving it had the right to retain it.

Messrs. STEVENS & HORTON, for defendant in error.

Appellants can not recover as for money lost at gambling, since the appellee was at most a stakeholder and paid the money over to the winners before notified not to do so. Petillon v. Hipple, 90 Ill. 420; Lewis v. Bruton, 74 Ala. 317; Gregory v. King, 58 Ill. 169.

And there is nothing in the statute which allows a recovery against the stakeholder after payment. Starr & C. Ill. Stats., Sec. 180, Chap. 38.

Nor can they recover for money had and received without regard to the statute, because—

1. The appellee does not hold money which *ex æquo et bono* belongs to the appellants. Belden v. Perkins, 78 Ill. 449.

2. The appellee did not convert or appropriate the money of appellants to his own use. Hill v. Hayes, 38 Conn. 532; Nelson v. Iverson, 17 Ala. 216; Burdit v. Hunt, 25 Me. 419; Frome v. Dennis, 45 N. J. L. 515; Rembaugh v. Phipps, 75 Mo. 422; Persley v. Powers, 82 Ill. 125; Hill v. Belasco, 17 Ill. App. 194; Cooley on Torts, 452, 456.

It was therefore proper for the court to instruct the jury that the defendant could not be held liable unless he had notice while the money was in his possession that it belonged to plaintiffs.

There is nothing in any of the cases cited by appellant, since in each of them the money or property was at the time in possession of the defendant, or had been appropriated to his use and benefit.

UPTON, J.   This is an action by plaintiffs in error against defendant in error, in assumpsit, for money paid by them upon a draft drawn upon them by one C. F. Weider, their agent, under the following circumstances:

Plaintiffs in error had their principal place of business in the city of Chicago and also had a branch house in the city of Peoria, which branch was under the management and supervision of C. F. Weider.  The business of the plaintiff firm was that of purchasing hides, tallow, furs, etc.   When Weider desired money for purchase or for deposit in bank in Peoria for salary and expenses of the business at that point, or for advances to persons of whom he made purchases, he drew drafts on plaintiffs in error in Chicago, and gave them credit therefor in his accounts when drawn.   Drafts drawn in Peoria were deposited in the bank there, where Weider kept his accounts.   If drawn while away they were sent direct to plaintiffs in error in Chicago.  This course of dealing, however, does not appear to have been known to defendant in error. Nor does it appear that he knew Weider was in the habit of drawing drafts on the plaintiffs in error in his business, or for any purpose.

In April, 1887, Weider met with several other persons, among whom was the defendant in error, in a room at a hotel in Springfield, and engaged with some or all of them in a gambling game with cards called "poker."   At the conclusion of the play there was nothing due to defendant in error.

Weider was indebted to various other persons participating in the game, and in order to pay them, Weider drew a draft in his own name on the plaintiffs in error, and made the same payable to the order of the defendant in error, for the sum

Oberne, Hosick & Co. v. Bunn.

of $400. Weider delivered the draft to defendant in error with the request that he get the money thereon, and when obtained, pay the same to certain persons whom he named, in various sums, which he specified.

In pursuance of such request, defendant in error indorsed the draft, as such payee, obtained the money, and upon its receipt paid it to the several persons designated by Weider, as he had been requested to do, receiving no part thereof himself. The draft was forwarded to plaintiffs in error, and by them paid without knowledge of its consideration or the circumstances under which it had been drawn or negotiated. The defendant in error had no interest in the draft, or in any part of the money derived therefrom; his connection therewith was that of accommodating payee only.

It does not appear that the defendant in error had any knowledge that the money to be obtained by the draft was not the money of Weider, or that the plaintiffs in error had any interest or claim thereto, until long after it was in fact paid to the several parties as directed by Weider, as before stated.

The case was heard in the trial court with a jury, a verdict obtained by the defendant in error, upon which judgment was entered against plaintiffs in error for costs, to reverse which this writ is prosecuted.

The principal errors complained of in the trial court were as to the instructions given to the jury. The defendant introduced no evidence but relied wholly as a defense to a right of recovery by plaintiffs in error, upon the want of a notice to the defendant at the time of the receipt and disbursement of the money received from the draft, that it was the money of the plaintiffs in error, in which contention the trial court sustained the defendant in error and instructed the jury accordingly.

We think the trial court held correctly, as the defendant in error had no notice that the money or any part of it belonged to plaintiffs in error, and the draft was drawn by Weider as if the fund drawn against was his own, which the law presumes without notice to the contrary. We think the

defendant in error's relation to the transaction, so far as is shown by the evidence, was that of a passive agent or stakeholder for Weider, and that as such, defendant in error should not be held as liable to plaintiffs in error in this action, inasmuch as he did not retain any part of the money received upon the draft, and had no notice of plaintiffs in error's interest therein.

In this view the other errors complained of become unimportant. See Pettiton v. Hipple, 90 Ill. 420; Hill v. Hayes, 38 Conn. 532.

The case at bar is clearly distinguishable from that of McAllister v. Oberne, Hosick & Co., determined at the present term of this court. In that case appellant had notice by the check that it was in fact drawn upon the funds belonging to the appellees, and the appellant was also a participant in the money obtained therefrom. In the case at bar defendant in error had no such notice and was merely a stakeholder in effect, in no manner participating in the benefits of the illegal transaction.

The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*

*Upon Rehearing.*

[Opinion filed June 25, 1891.]

*Per Curiam.* Having duly considered the question raised by the petition for rehearing in this case, the prayer of said petition is denied.

Plaintiffs in error have prayed that in case a rehearing should be denied, a certificate of importance may be granted in order that the plaintiffs in error may prosecute an appeal or writ of error to the Supreme Court. A certificate of importance must be prayed for within the same time allowed by statute for taking an appeal to the Supreme Court, which is limited to a period of twenty days after the rendition of judgment in this court. The final judgment in this case was rendered in this court May 21, 1891, and more than twenty days have elapsed since that time. Plaintiffs in error

asked the judgment of this court upon certain alleged errors in its final judgment, by petition for rehearing, and during the time necessarily occupied in the examination of the questions raised by that petition, the time allotted for applying for a certificate of importance expired. Plaintiffs in error had their election to either apply for a rehearing, or pray for a certificate which would enable them to appeal, but could not have both remedies unless both could be made effective within the time allowed by statute for taking an appeal. The time within which a certificate of importance may be prayed for having elapsed, this court can not now entertain an application for such certificates. Sholty v. McIntyre (opinion filed January 10, 1891), Sup. Ct. Ill. N. E. Rep. Vol. 26, p. 655.

The application for certificate of importance is denied.